FREEMAN *versus* WELD *&* al.

A *second assignee* of an equitable title to real estate is authorized to maintain a bill in equity, *in his own name,* against one holding the same by a fraudulent title, to compel a conveyance of the estate.

Where such *assignee* derives his interest by virtue of a levy, a deed to *him* of the land levied on, from the one holding the equitable title under such levy, will authorize him to maintain such bill, without any assignment of the judgment on which the levy was made.

BILL IN EQUITY to enjoin the defendants from prosecuting certain suits at law, brought by them against the complainant, in the S. J. C. of Washington county, and to compel them to convey a certain lot of land, described in the bill. There was a demurrer to the bill and joinder.

The bill alleged that a suit was pending in the District Court of said county of Washington, on Feb. 12, 1846, wherein Daniel Weld and David Weld were plaintiffs and co-partners, under the style of Daniel Weld & Son, against one Tucker; *that* the plaintiffs in that suit, for a valuable consideration, and by their instrument of assignment by them

subscribed, assigned to Caleb Burbank "said suit with authority to control the same;" *that* judgment was obtained and a levy made upon the lot of land described in the bill in common and undivided, as the property of said Tucker; and *that* Tucker did not redeem the land levied on within the year of redemption.

The bill also alleged that the complainant bought of Burbank, by deed of quitclaim, for a lawful consideration, his interest in the land, and also the other half of the same lot from the owner thereof; and that he went on to lumber on the lot, and has been greatly annoyed by suits of trespass brought against him by defendants, and now pending in Court, and their threats to annoy and trouble him in consequence of his operations on said lot; *that* they pretend to hold and claim the half in common and undivided, which was levied on, by a conveyance from Daniel Weld, or Daniel Weld & Son.

It was further alleged that Daniel Weld is dead, who was the father of the defendants; *that*, prior to his death, and subsequent to the assignment to Burbank, and to the levy, Burbank called on him to make and execute a good title of the one half of the lot, in consideration of the assignment of said suit; *that* he was prepared to prove that in consequence of said request and demand on said Daniel, and through him on David, one of the defendants, the junior partner of Daniel Weld & Son, he, Daniel, attempted to procure a conveyance to Burbank, and called on said David to join him in so doing, and that said David utterly refused. The defendants were also charged with knowledge of the assignment to Burbank, and that they fraudulently and wrongfully procured a conveyance from said Daniel Weld, or Daniel Weld & Son. Wherefore the complainant prayed, &c.

*Thacher*, in support of the demurrer, relied on two grounds.

1. That the complainant, standing in the relation of a second assignee, is not authorized by statute to maintain this bill.

2. That having only a quitclaim deed of the land levied on, but not an assignment of the judgment, he has no authority to maintain the bill.

*Freeman, pro se.*

HATHAWAY, J. — The facts stated in the bill, and admitted by the demurrer, show that the equitable title to the estate in controversy, was in the plaintiff, and that the defendants, holding the legal title, fraudulently refused to convey, and claimed to hold the estate as their own property.

*The demurrer is overruled.*

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.